## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT PIERCE DIVISION

LAUREN PEOPLES, for herself and on behalf
of those similarly situated,

      Plaintiff,

                              Case No.:

vs.

TURTLEFTPIERCE, LLC, a Florida Limited
Liability Company, d/b/a THIRSTY TURTLE
SEAGRILL, PANHANDLERS, INC., a
Florida Profit Corporation, d/b/a THIRSTY
TURTLE SEAGRILL, TURTLE SPORT,
INC., a Florida Profit Corporation, d/b/a
THIRSTY TURTLE SEAGRILL, TURTLE
PARTNERS, LLC, a Florida Limited Liability
Company, d/b/a THIRSTY TURTLE
SEAGRILL.

      Defendants.

_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LAUREN PEOPLES, ("Plaintiff"), for herself and on behalf of those similarly

situated, hereby files this Verified Complaint against Defendants, TURTLEFTPIERCE, LLC,

d/b/a THIRSTY TURTLE SEAGRILL, ("TURTLEFTPIERCE"), PANHANDLERS, INC., d/b/a

THIRSTY TURTLE SEAGRILL ("PANHANDLERS"), TURTLE SPORT, INC., d/b/a

THIRSTY TURTLE SEAGRILL, ("TURTLE SPORT"), and TURTLE PARTNERS, LLC, d/b/a

THIRSTY TURTLE SEAGRILL, ("TURTLE PARTNERS"), (collectively, "Defendants" or

"THIRSTY TURTLE"), and states as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair

Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to obtain declaratory

relief, a judgment against Defendants as to liability, recover unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

2.      The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3.      Venue is proper in this Court because Plaintiff resides within the District, Defendants maintain business operations within the District, and Plaintiff's claims accrued in this District.

## INTRODUCTION

4.      Plaintiff brings this action pursuant to 29 U.S.C. § 216(b), 29 U.S.C. §206, and 29 U.S.C. §207.

5.      The Defendants in this case violated the FLSA by failing to pay Plaintiff and other similarly situated servers and bartenders the proper minimum wage and overtime compensation for all hours worked.

6.      This action is intended to include each and every hourly-paid bartender/server who worked for THIRSTY TURTLE at any of their three locations at any time within the past three (3) years.

7.      The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b).

## PARTIES

8.      At all times material to this action, Plaintiff was, and continues to be a resident of St. Lucie County, Florida.

9.      At all times material to this action, TURTLEFTPIERCE, LLC, was and continues to be a Florida Limited Liability Company. Further, at all times material to this action, Defendant

TURTLEFTPIERCE was, and continues to be, engaged in business in Florida, doing business, in St. Lucie County, Florida.

10.    TURTLEFTPIERCE is currently listed with the Florida Department of State, Division of Corporations, as an "Active" business, at 108 N 2nd ST, Fort Pierce, FL, as its principal address.  *See* Corporation search result attached hereto as Exhibit A.

11.    At all times material to this action, PANHANDLERS, was and continues to be a Florida Profit Corporation. Further, at all times material to this action, Defendant PANHANDLERS was, and continues to be, engaged in business in Florida, doing business, in Palm Beach County, Florida. *See* Corporation search result attached hereto as Exhibit B.

12.    At all times material to this action, TURTLE SPORT, was and continues to be a Florida Profit Corporation. Further, at all times material to this action, Defendant TURTLEFTPIERCE was, and continues to be, engaged in business in Florida, doing business, in St. Lucie County, Florida. *See* Corporation search result attached hereto as Exhibit C.

13.    At all times material to this action, TURTLE PARTNERS, was and continues to be a Florida Limited Liability Company. Further, at all times material to this action, Defendant TURTLE PARTNERS was, and continues to be, engaged in business in Florida, doing business, in St. Lucie County, Florida. *See* Corporation search result attached hereto as Exhibit D.

14.    At all times material to this action, THIRSTY TURTLE SEAGRILL is a fictitious name owned by Defendants TURTLEFTPIERCE, LLC, PANHANDLERS, INC., TURTLE SPORT, INC., and TURTLE PARTNERS, LLC, which are registered and continue to be engaged in business in Florida, doing business in Palm Beach and St. Lucie Counties, Florida.

15.     THIRSTY TURTLE SEAGRILL is currently listed with the Florida Department of State, Division of Corporations, as a Fictitious Name owed by TURTLEFTPIERCE, LLC, PANHANDLERS, INC., TURTLE SPORT, INC., and TURTLE PARTNERS, LLC. *See* Fictitious Name search result attached hereto as Exhibit E.

16.     THIRSTY TURTLE is an enterprise engaged in the hospitality industry, and specifically in the operation of restaurants.

17.     Defendants operate Thirsty Turtle locations at 108 N 2nd ST, Fort Pierce, FL, and 13981 US HWY 1, Juno Beach, FL 33408. Upon information and belief, these two locations, as well as another Thirsty Turtle location at 2825 SW Port St Lucie Blvd, Port Saint Lucie, FL 34953, share common ownership and management, and share employees.

18.     Ronald Paranzino and/or Joseph Paranzino are managers, members, or officers of TURTLEFTPIERCE, PANHANDLERS, TURTLE SPORT, and TURTLE PARTNERS, and, upon information and belief, maintain the power to direct, restrict, regulate, govern, or administer the performance of each of the three locations operating as Thirsty Turtle.

19.     Upon information and belief, the activities of the three Thirsty Turtle locations operate under unified operation or common control, and are performed for a common business purpose of providing Thirsty Turtle restaurant services in Palm Beach and St. Lucie Counties.

20.     Upon information and belief, the policies and practices described herein with respect to the Ft. Pierce Thirsty Turtle location occurred in Thirsty Turtle's other two locations, because the same individuals were responsible for creation and implementation of these policies in each location.

21.     At all times material to this action, Plaintiff was an "employee" of THIRSTY TURTLE within the meaning of the FLSA.

22.     At all times material to this action, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

23.     Defendants were, and continue to be, an "employer" within the meaning of the FLSA.

24.     At all times material to this action, Defendants were, and continue to be, an "enterprise engaged in commerce" and/or an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

25.     Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum in each of the three years preceding the filing of the Complaint in this action.

26.     At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as cash registers, telephones, plates, kitchen equipment, and imported beer and wine, which were used directly in furtherance of Defendants' commercial activity of running a restaurant.

27.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

28.     In or about December 2021, Defendants hired Plaintiff to work as a non-exempt hourly-paid server and bartender at THIRSTY TURTLE's location in Fort Pierce, St. Lucie County, Florida. Plaintiff was employed by Defendants in this position until June 2022.

29.     Plaintiff's job duties, like the other service staff, were serving food and drinks to

costumers.

30.     Defendants paid Plaintiff the tipped minimum wage rather than the regular minimum wage for all hours worked.

31.     Defendants did not permit Plaintiff to retain all of her tips. Instead, Defendants required Plaintiff to pay a portion of her tips to salaried managers working on her shifts.

32.     When Plaintiff was a server, she was required to tip out an amount equal to 2.5% of her total sales, from her tips, to the manager.  When Plaintiff was bartending in any bar except the back bar, Plaintiff was required to tip out an amount equal to 3.5% of her total sales, from her tips, to the manager.

33.     These policies and requirements regarding tipping out managers a portion of total sales from amounts received as tips applied equally to all servers and bartenders working for Thirsty Turtle in Fort Pierce.

34.     Upon information and belief, these policies and requirements regarding tipping out managers a portion of total sales from amounts received as tips applied equally to all servers and bartenders working for all three Thirsty Turtle locations (hereafter "those similarly situated").

35.     By virtue of Defendants' appropriation of a portion of its bartender/server employees' tips for salaried managers, Defendants were not entitled to take a tip credit.  Rather, Defendants were/are required to pay Plaintiff and those similarly situated to Plaintiff, the full, regular minimum wage.

36.     Under the FLSA, an employer who fails to provide information required by section 203(m), regarding the tip-credit, cannot use the tip credit provisions and therefore must

pay the tipped employee at least the full minimum wage, and allow the tipped employee to keep all tips received.

37.     Defendants did not provide its bartenders/servers the notice required by Section 203(m) of the FLSA.

38.     Due to their improper appropriation of bartenders/servers' tips for Defendants' managers, and failure to provide the notice required by Section 203(m), Defendants were not entitled to take any tip credit, and failed to pay Plaintiff and the other tipped employees similarly situated to Plaintiff at least the applicable minimum wage.

39.     Due to Defendants' practices, Plaintiff and those similarly situated did not earn at least the statutory minimum wage for all hours worked during one or more workweeks.

40.     Plaintiff and those similarly situated were/are entitled to at least the Federal minimum wage pursuant to §206(a) of the FLSA.

41.     Plaintiff and those similarly situated were/are entitled to the Florida minimum wage pursuant to 29 C.F.R §778.5.

42.     Defendants have a common pay policy and/or pay practice which violates the FLSA tip credit provisions and therefore fail to pay certain hourly employees at least the statutory minimum wage for all hours worked per week as a result of:

      a.     Failing to provide the notice required by Section 203(m); and

      b.     Requiring their bartenders/servers to share tips with Defendants' managers.

43.     Because Defendants took a tip credit without proper notice, and appropriated tips for their managers, Defendants are not permitted to claim the tip credit, and must re-pay Plaintiff, and those similarly situated opt-in Plaintiffs who join this action by filing consents to

join, the amount of any tip credit claimed.

44.     Upon information and belief, Defendants claimed $3.02 per hour in tip credit.

45.     Because Defendants took a tip credit without proper notice, and appropriated tips for their managers, Defendants must disgorge to Plaintiff, and those similarly situated opt-in Plaintiffs who join this action by filing consents to join, the amount of any tips which were distributed to managers.

46.     Due to Defendants' unlawful practices described herein, Plaintiff and those similarly situated did not earn at least the statutory minimum wage for all hours worked during one or more workweeks.

47.     Plaintiff and those similarly situated were/are entitled to at least the Federal minimum wage pursuant to §206(a) of the FLSA.

48.     Plaintiff and those similarly situated were/are entitled to the Florida minimum wage pursuant to §29 C.F.R §778.5.

49.     Defendants also maintained a policy pursuant to which they paid their servers and bartenders overtime only for hours worked over eighty (80) in a two-week period.

50.     Defendants did not calculate overtime on a per workweek basis, as required by the FLSA.

51.     Plaintiff and those similarly situated worked over forty hours in a single workweek on multiple occasions in the three years before this lawsuit was filed.

52.     However, due to Defendants' policies and practices, as described above, Plaintiff and those similarly situated were not paid overtime premiums for all hours over forty worked in a single workweek.

53.     Defendants' failure to pay proper minimum and overtime wages to Plaintiff and those similarly situated was a knowing violation of the law, or, at a minimum, in reckless disregard of the law.  It is well-settled that hourly employees are to be paid overtime premiums for hours over forty in a workweek, and failure to do so disregards well-settled and commonly known principles of law. Similarly, it is black letter law that tipped employees cannot be required to share tips with managers, and Defendants cannot have enacted a uniform requirement to engage in such sharing without recklessly disregarding their obligations under the FLSA.

54.     Defendants' violation was also willful because Plaintiff complained that the practice of paying overtime for hours over eighty in a two-week period, rather than for hours over forty in a single workweek, violated the law, but Defendants still did not pay proper overtime.

## COLLECTIVE ACTION ALLEGATIONS

55.     Plaintiff and the putative collective members are all servers and bartenders in Defendants' three Thirsty Turtle locations, and performed the same or similar job duties as one another in that they provided food and beverage services to Defendants' patrons.

56.     Plaintiff and the putative collective members were subjected to the same pay provisions in that they were all paid the tipped minimum wage, without receiving proper notice of Defendants' intention to claim a tip credit as well as the rules related to tip pooling and sharing.

57.      Plaintiff and the putative collective members were subjected to the same pay provisions in that they were all required to share their tips with Defendants' salaried managers.

58.     Plaintiff and the putative collective members were subjected to the same pay

provisions in that they were all subject to Defendants' policy and practice of paying overtime not for all hours over forty in a workweek, as required by the FLSA, but for hours over 80 in a two-week period, such that they were deprived of proper overtime premiums owed under the law.

59.     Defendants' uniform method of payment to Plaintiff and the putative collective members resulted in a violation of the FLSA tip credit provisions and a failure to pay Plaintiffs and the putative collective members the required minimum and overtime wages due.

60.     These policies and practices were equally applicable to Plaintiff and the putative collective members.

61.     Accordingly, the putative collective members are properly defined as:

> **All "Bartenders and Servers" who worked for Defendants at any of their three Thirsty Turtle locations in the three years prior to the date the Complaint in this matter was filed.**

62.     Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum and overtime wages with respect to Plaintiff and the putative collective members.

## COUNT I
## RECOVERY OF MINIMUM WAGES

63.     Plaintiff incorporates and adopts all allegations contained within Paragraphs 1-62 above.

64.     Plaintiff, and those similarly situated, were/are entitled to be paid the applicable minimum wage for each hour worked during their employment with Defendants.

65.     In the three years preceding the filing of the Complaint in this action, Defendants failed to pay Plaintiff, and those similarly situated, the applicable minimum wage for each hour worked for Defendants.

66.     Defendants failed to provide proper notice of their intent to claim the tip credit or regarding requirements for the tip pool, as required by 29 U.S.C. §203(m).

67.     Defendants required its server and bartender employees to share tips with management, in violation of the FLSA.

68.     Because of these policies, Defendants violated the FLSA's tip-credit provisions and the FLSA's provision on minimum wages (29 U.S.C. §206) in that Plaintiff, and those similarly situated, have not been paid the full minimum wage for each hour worked during their employment.

69.     Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

70.     Defendants willfully failed to pay Plaintiffs the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

71.     Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper minimum wage for each hour worked because Defendants claimed the maximum tip credit for Plaintiff and those similarly situated, while requiring them to share tips with managers, and failing to provide proper notice of their intention to take the tip credit.

72.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and those similarly situated have been damaged in the loss of minimum wages, as well as payments of tip monies to management, for one or more weeks of work with Defendants.

73.     As a result of these common policies, Plaintiff, and those similarly situated, are entitled to receive the difference between the full statutory minimum wage and the hourly wage

actually paid to them, in addition to disgorgement of tips paid to management.

74.     Defendants knew or reasonably should have known their conduct violated the FLSA.

75.     Plaintiff, and those similarly situated, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION

76.     Plaintiff incorporates and adopts all allegations contained within Paragraphs 1-62 above.

77.     In the three years preceding the filing of the Complaint in this action, in one or more workweeks, Plaintiff and other bartenders/servers worked hours in excess of forty (40) hours for which Plaintiff and other bartenders/servers were not compensated at the statutory rate of one and one-half times the applicable minimum wage.

78.     Plaintiff and other bartenders/servers were, and are entitled to be paid at the statutory rate of one and one-half the applicable minimum wage for all hours worked in excess of forty (40) hours in a workweek.

79.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and other bartenders/servers at the statutory rate of one and one-half times their lowest lawful rate of pay for all hours in excess of forty (40) hours per workweek when it knew, or reasonably should have known, such was, and is due.

80.     During the three years preceding the filing of the Complaint in this matter, other bartenders/servers were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants have failed to properly pay Plaintiff proper overtime

wages at one and one-half their regular rate of pay for such hours, pursuant to a policies, plans, and practices which were equally applicable to all bartenders/servers.

81.     Due to Defendants' unlawful acts, Plaintiff has suffered and continues to suffer damages and lost compensation for certain hours worked over forty (40) hours in one or more workweeks.

82.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, for herself and on behalf of those similarly situated, requests an Order granting conditional certification pursuant to Section 216(b) of the FLSA, of a class of the bartender/servers who worked for Defendants in the three years preceding the filing of the complaint; an Order permitting Notice to all potential class members; a Declaration that Defendants' policies violate the FLSA; entry of judgment in Plaintiff's favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Respectfully submitted this 4th day of October, 2022.

Angeli Murthy, Esq., B.C.S.
Florida Bar No.: 088758
amurthy@forthepeople.com
Morgan & Morgan, P.A.
8151 Peters Road
Suite 4000
Plantation, Florida 33324
Telephone: (954) 327-5369
Facsimile: (954) 327-3016
*Trial Attorneys for Plaintiff*

## <u>VERIFICATION</u>

    I, **Lauren Peoples**, declare under penalty of perjury pursuant to 28 U.S.C. §1746 that that the factual allegations in this Complaint are true and correct based on my personal knowledge.

Executed this ___30th___ day of __September__ 2022, in __Saint Lucie__ County, Florida.

_____

**LAUREN PEOPLES**